AMERICAN SURETY CO. v. HUEY & PHILP HARDWARE CO. (No. 7648.)

(Court of Civil Appeals of Texas. Dallas. Dec. 23, 1916. Rehearing Denied. Feb. 3, 1917.)

1. COUNTIES ⌾⟊123—BUILDING CONTRACTOR'S BOND—PREMATURE SUIT—COMPLETION OF BUILDING.

A public building contractor's bond providing for bringing suits thereon at any time within six months from the time of the completion of the contract, for a county building, given under a foreign statute, providing that no action

shall be brought thereon after six months from the completion of the building, merely limits the time within which suits may be brought, but does not prevent the bringing of a suit before the building was completed for materials furnished and already used therein.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 194–196; Dec. Dig. ☞123.]

2. EVIDENCE ☞571(4)—FOREIGN LAW—EXPERTS.

Where neither the bond of the contractor for a county building nor Acts 1911 Ark. p. 462, under which it was given, required a suit thereon to be instituted in the county in which the building was constructed, the court could find that there was no such requirement in the law of the state in which the building was constructed, notwithstanding the testimony of an attorney from that state that the law contained such requirement.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. ☞571(4).]

3. COURTS ☞7—JURISDICTION—TRANSITORY ACTION—BUILDING CONTRACTOR'S BOND.

An action on a county building contractor's bond is transitory, and may be brought in the county in which the materialmen and the principal resided in a state where the surety was doing business under a permit, though the building was constructed in another state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. ☞7.]

4. COUNTIES ☞123—CONTRACTOR'S BOND—PARTIES—COUNTY.

In an action by a materialman against a surety on the bond of a contractor for a county building which was made payable to the state and given to secure the county for which the building was to be built and all laborers and materialmen, neither the county nor the commissioners thereof were interested, and they were not necessary parties to the suit.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 194–196; Dec. Dig. ☞123.]

5. COUNTIES ☞123—CONTRACTOR'S BOND—PARTIES—PRINCIPAL.

Where one of two principals on a county building contractor's bond was dead and the other had been adjudged a bankrupt, they are unnecessary parties to an action by materialmen against the surety.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 194–196; Dec. Dig. ☞123.]

6. COUNTIES ☞123—CONTRACTOR'S BOND—PETITION—SUFFICIENCY.

A petition against a surety on a county building contractor's bond, which alleged the making of the contract, the purchase of materials from plaintiff by the contractor for the building, and the use of such materials in the building, stated the amount due which the contractor promised to pay, but refused to do, and set out the surety's bond with appropriate allegations, is not subject to general demurrer on the ground that there was no allegation as to where, when, or under what conditions payments were to be made, and no allegation that the contract for the building required the contractor to pay for the material.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 194–196; Dec. Dig. ☞123.]

7. COUNTIES ☞123—CONTRACTOR'S BOND—PETITION—APPROVAL BY COUNTY.

The petition of a materialman against a surety on a county building contractor's bond, which alleged that the materials were used in the building, need not allege that they were approved by the county, the failure of the county to approve such materials being a matter of defense which the surety must plead and prove.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 194–196; Dec. Dig. ☞123.]

8. COUNTIES ☞123—CONTRACTOR'S BOND—EVIDENCE.

In an action by a materialman against the surety on a county contractor's bond, which was conditioned on the principal performing all the provisions of the contract, a copy of which was annexed thereto, for the furnishing of material and the performance of work and labor for the construction of the building, the bond was admissible in evidence without the contract, where there was no allegation that there was anything in the contract which would defeat recovery.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 194–196; Dec. Dig. ☞123.]

9. COUNTIES ☞123—CONTRACTOR'S BOND—EVIDENCE—SUFFICIENCY—USE OF BUILDING.

In an action by a materialman against the surety on a county contractor's bond, testimony by the principal's supervisor of the job that he purchased the material from plaintiff, that he had seen a large part of it placed in the building and the workmen were then engaged in placing the rest of the material in the building, and that the material purchased was used exclusively for the building, was sufficient to support a judgment finding that the material was used.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 194–196; Dec. Dig. ☞123.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Huey & Philp Hardware Company against the American Surety Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Adams & Stennis, of Dallas, for appellant. Spence & Haven, of Dallas, for appellee.

RAINEY, C. J. Appellee sued appellant to recover on a bond executed by appellant as a surety for L. R. Wright & Co., a firm composed of L. R. Wright and O. L. Hitchcock, to Phillips county, Ark., said bond being for the faithful performance of a contract to build a courthouse and jail, entered into with Phillips county by said Wright & Co., which bond bound the makers to pay off and discharge all indebtedness contracted by said Wright & Co. for material, labor, etc., in constructing said buildings, and giving the right to all such creditors to sue on such bond. An indebtedness of $498 was due appellee Huey & Philp Hardware Company for materials furnished for said buildings. The appellant answered by plea in abatement, that the suit was prematurely brought by the terms of the contract, the nonjoinder of certain parties, general and special demurrer, and general denial. The plea in abatement and demurrers were overruled. A trial was had without a jury, and judgment rendered in favor of appellee for the $597, claimed amount, from which this appeal is prosecuted.

The facts show that L. R. Wright & Co., a firm composed of L. R. Wright and O. L. Hitchcock, residents of Dallas county, Tex., entered into a contract to construct a court-

house and jail building for Phillips county, state of Arkansas, to be located in the city of Helena. In accordance with the laws of Arkansas said Wright & Co. executed a bond payable to the state of Arkansas, with appellant as surety, for the faithful performance of said contract. Said bond was given for the benefit of any person or persons furnishing labor or material in the construction of said buildings, and "shall have the right to bring suits on this obligation for any and all sums that may be due them for work or material furnished in or about the same, at any time within six (6) months from the date of the completion of the said contract." Appellees furnished to Wright & Co. the material sued for, and same was used in the construction of said building. Before the said building was finally completed O. L. Hitchcock died, and L. R. Wright was adjudged a bankrupt. Appellant is incorporated under the laws of New York, but is doing business in Texas under a permit.

[1] The first assignment of error presented by appellant is:

"The court erred in overruling the defendant's plea in abatement as set out in the first paragraph of its first amended original answer, to the effect that this suit was instituted before the completion of a contract and building referred to in plaintiff's amended petition, and was prematurely instituted, because the law and bond as pleaded by plaintiff do not authorize the institution of such a suit before the completion of said buildings and contract."

The proposition submitted is:

"A suit instituted before the completion of a contract for material furnished to be used in the contract building against a surety whose liability depends upon the use of the material in the building and on a contract which expressly provides that such materialman shall have the right to bring suit on said contract obligation for the sum due for the material going into the building, at any time within six months from the date of the completion of said contract, is prematurely brought, and on proper plea and proof should be dismissed."

While the evidence shows that at the time suit was instituted the building was not completed, we are of the opinion that the language of the law and bond does not require the completion of the building before suit can be instituted. The bond was evidently made to conform to the law of Arkansas, which reads:

"That no action shall be brought on said bond after six months from the completion of said public improvement or building."

The bond reads:

"That all persons and corporations having claims against the said contractor, or any subcontractors under them, shall have the right to bring suits on this obligation for any and all sums that may be due them for work or material furnished in or about the same, at any time within six months from the time of the completion of said contract."

Both the law and bond merely fix a period of limitation in which suits are to be brought, which we conclude mean that no suit can be brought on a claim "after six months from the completion of the building." The law

and bond are further silent as to when the right to sue arises; hence we overrule this assignment of error.

[2] Appellant's second assignment of error reads:

"The court erred in overruling the defendant's plea in abatement as set out in the first paragraph of said amended answer, to the effect that the law and bond pleaded by the plaintiff in said amended petition contemplate and require that the suits for the enforcement of liability under said law and under said bond shall be brought in the county where the building has been constructed, and the suit should have been instituted, if at all, in Phillips county, Ark., and its venue in this court is improperly laid."

The proposition submitted is:

"Where the law and bond on which suit is based requires that suits for enforcement of liability thereunder shall be brought in Phillips county, Ark., and the defendant pleads and urges the right to be sued on the venue required by law, it is error to overrule such plea and deny such right and compel the defendant to try the issues in another county and state."

The bond sued on and executed by appellant to secure Phillips county, Ark., and laborers and furnishers of material for the construction of the courthouse and jail by L. R. Wright & Co. recites:

"This bond being given to secure the county of Phillips and the commissioners of public buildings of said county, and also all persons and corporations furnishing labor or material going into the said construction of said work against any loss whatsoever, as provided by Act 446 of the General Assembly of Arkansas, approved June 2, 1911."

The statement of facts shows the full Act 446, and nowhere therein does it provide for the venue of a suit by laborers or materialmen on the bond. Nor is there any provision in said bond in reference thereto.

P. O. Thweatt testified by deposition that he had been practicing law in Arkansas since 1860; that the laws of Arkansas provide that suit shall be brought in the county in which said public improvement is to be made, or such public improvement is to be erected, when action is brought on the bond referred to in section 2 of said act. The act itself and the testimony of said Thweatt are all that show the laws of Arkansas. The trial court found, in effect, contrary to Thweatt's depositions as to venue, which it had a right to do, especially if Thweatt was construing said Act 446, as we think the act is not subject to such construction. Banco Minero v. Ross, 106 Tex. 522, 172 S. W. 711.

[3] Another reason why the district court of Dallas county, Tex., has jurisdiction of this cause is that the appellee, plaintiff below, and L. R. Wright & Co., had their residence in Dallas county; that appellant is a corporation chartered by the state of New York, is doing business in Texas under a permit, and filed an answer herein. The cause of action is transitory, which, in our opinion, gave the trial court jurisdiction to adjudicate the case.

[4] The third assignment of error complains of the action of the court in overruling the plea in abatement for nonjoinder of nec-

essary parties to this action, and submits the following proposition:

"In a suit against a surety on its principal's bond for the construction of a public building for Phillips county, Ark., for material sold by plaintiff to said principal for use in said building, said surety being liable only for material used in the construction of the building, said county, its building commissioner and plaintiff, and said contractor and said surety were all interested in the subject-matter of the suit, and were necessary parties to said suit, and it was error for the trial court to overrule appellant's plea for nonjoinder of necessary parties."

The bond sued on was made payable to the state of Arkansas, and was given to secure the county of Phillips and the commissioners of public buildings of said county, and also all persons and corporations furnishing labor or material going into the construction of said work, etc. The law of Arkansas said nothing about who were necessary parties. Neither the commissioners nor Phillips county were interested in the result of this litigation as they were in no way affected thereby, and therefore not necessary parties. The bond authorized laborers and materialmen to sue thereon, and does not require that any other person, or persons, become parties to the litigation.

[5] L. R. Wright was alleged and shown to be insolvent, adjudged a bankrupt, and O. L. Hitchcock was dead, which rendered them unnecessary parties. There was no error in not sustaining the plea in abatement.

[6] Appellant's fourth assignment complains of the court's action in overruling its general demurrer to plaintiff's petition. We are of the opinion that the form and substance of the petition sufficiently stated a cause of action to warrant a recovery thereon. It is complained that:

"There is no allegation as to where, when or under what conditions such payments were to be made and there is no allegation in plaintiff's petition that the contract of November 14, 1913, required said L. R. Wright & Co. to pay for any material."

The petition alleged, in effect, that L. R. Wright & Co. entered into a contract with the county building commissioners for Phillips county, Ark., by the terms of which they were to furnish and pay for the performance of all work and labor for the construction of a courthouse and jail, etc.; that Wright & Co. undertook the building thereof, and purchased for that purpose certain building material from appellee to be used in said building, and was used therein, and states the amount due $597, with itemized account attached and referred to; that they promised to pay therefor when furnished, but refused to do so; also set out surety's bond with appropriate allegations, etc., with prayer for general and special relief.

[7] By appellant's fifth assignment it is charged that the court erred in not sustaining special exception to paragraph 4 of the plaintiff's petition. It was urged that:

"There is no allegation showing that the material herein sued for by plaintiff was in fact approved and received by Phillips county."

It was alleged by plaintiff that the material was sold to be used in the construction of said building, and that same was so used. The allegations were sufficient. Neither the contract nor the law required the plaintiff to make the want of the allegations complained a prerequisite to be pleaded for a recovery, and if it was necessary as a defense, it was incumbent on appellant to plead and prove it.

[8] The sixth assignment complains of the admission · in evidence, over appellant's objection, of the bond sued on because it shows on its face to be only a part of the bond and contract executed by appellant. Appellant duly excepted to this action of the court, to which the court appended this explanation:

"(1) This case was set down for trial on the —— day of ——, 1915, and the same was, upon the application of the defendant, postponed for the purpose ·of letting the defendant obtain a copy of the contract referred to in the bond.

"(2) On the day that the defendant's application for a continuance was presented to the court on the ground above referred to, it was disclosed that the contract, which was in possession of L. R. Wright & Co., had been delivered to the referee in bankruptcy when the members of that firm filed a petition in bankruptcy, and that the same was in the possession of the referee on the day the application for postponement was heard and on the day the case was tried, and that the referee resided in and had his office in the city and county of Dallas.

"(3) The court is of the opinion that the bond is complete in itself, though reference is made to a copy of the contract attached to the bond; but if the bond is not complete in itself, then the defendant had ample time from the date its application for postponement was granted until the case was reset and tried to obtain a copy of the bond and take advantage of any provisions therein if it saw fit."

The surety bond sued on makes this recitation:

"That if the said L. R. Wright & Co. shall faithfully perform and truly keep all the conditions, covenants and agreements contained in the contract, a copy of which is hereto annexed and marked 'Exhibit A' and made a part hereof, said contract being dated November 14, 1913, which said contract is for the furnishing of all material, and the performance of all work and for labor for the construction of a new courthouse and jail for Phillips county, Arkansas, * * * all as shown and noted in plans and specifications made by F. W. Gibbs & Co. with addenda thereto, according to the terms and conditions of said contract," etc.

The petition of appellee showed a cause of action, and if there was anything in the annexed contract referred to in the bond that would defeat a recovery, it was incumbent on the appellant to allege and prove it, and, not having done so, there was no error in admitting the bond in evidence.

[9] The remaining assignment of error is the seventh, which, in effect, is that the evidence is not sufficient to support the judgment. The proposition under this assignment is:

"The liability of appellant depending upon the use in the public building of the material

for which appellee sues and upon the approval and receiving of said building by the county, and there being no proof that either the material furnished by appellee or said building had been received or approved by said county, it was error to render judgment against appellant."

The bond protected—

"all persons and corporations furnishing labor or material going into the construction of said work against any loss whatsoever, as provided by Act 446 of the General Assembly of Arkansas, approved June 2, 1911."

The testimony of R. W. Smith shows that he, supervisor of the job for Wright & Co., purchased the bill of builder's hardware from the appellant; that on a trip to Helena he recognized said material; that a large portion thereof had been placed in the building, and they were then engaged in placing the rest of said material in said building. The material purchased from appellee was used exclusively for the Phillips county jail and courthouse. This was the substance of all the testimony on this point, and we think it was sufficient to support the judgment.

The judgment is affirmed.